IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO CHAVEZ FUENTES,<br><br>            Petitioner,<br><br>      vs.<br><br>UNITED STATES OF AMERICA,<br><br>            Respondent. | No. CV-F-05-1137 OWW<br>(No. CR-F-03-5458 OWW)<br><br>MEMORANDUM DECISION AND ORDER DENYING PETITIONER'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT FOR RESPONDENT |

   On September 8, 2005, Petitioner Pedro Chavez Fuentes timely filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

   Petitioner contends that his guilty plea was not knowingly and voluntarily entered due to the ineffective assistance of counsel during the change of plea proceedings because counsel "misrepresented to defendant about the condition of his plea bargain when specifically enquired by defendant in as much as counsel knew that defendant's whole behavior and guilty plea was

1

structured to avoid a plea agreement that would not result in a long sentence or prison time." Petitioner further contends that he was denied the effective assistance of counsel at sentencing because counsel failed to seek a downward departure for aberrant behavior under U.S.S.G. § 5K2.20.

Petitioner pleaded guilty pursuant to a written Plea Agreement to Count Two of a Superseding Indictment charging him with attempted possession of pseudoephedrine, a listed chemical, knowing or having reasonable cause to believe it would be used to manufacture methamphetamine, and aiding and abetting, in violation of 21 U.S.C. § 841(c)(2) and 18 U.S.C. § 2. Petitioner, who was under oath during the change of plea proceedings, stated that he had read the Plea Agreement and that he had reviewed it with counsel before the change of plea proceedings. Petitioner stated that he understood that the court could sentence him to 20 years in prison, no matter what anyone else may have told him. Pursuant to the Plea Agreement, the United States agreed that "the base offense level is 30 pursuant to U.S.S.G. § 2D1.1(a)(3) in effect at the time of the commission of the offense", to recommend a two-level reduction for minor role based on the defendant's relative culpability, and to recommend a two-level reduction pursuant to the safety valve, if defendant qualifies for the safety valve.

The Advisory Guideline Presentence Report determined petitioner's base offense level under the U.S.S.G. § 2D1.11 to be 34, taking into account the Government's recommendation for a 4

level reduction for a mitigating role.  The base offense level was further reduced by 2 levels for a minor role in the offense, and by 3 levels for acceptance of responsibility.  The resulting base offense level was 29 and, with petitioner's criminal history category of I, the guideline range under the Sentencing Guidelines was 87 to 108 months.  The Advisory Presentence Report recommended a sentence of 87 months, taking into account the factors set forth in 18 U.S.C. § 3553(a) pursuant to *United States v. Booker*, 543 U.S. 220 (2005).

At sentencing, the United States and counsel for petitioner argued that a reasonable sentence would be 46 months.  In so arguing, the parties contended that the base offense level should be determined by looking to U.S.S.G. § 2D1.1, which would have determined petitioner's base offense level had he pleaded guilty to Count One of the Superseding Indictment.  Then taking into account the adjustments for acceptance of responsibility and minor role and mitigating role, the resulting guideline range would have been 46 to 57 months.  The court adopted the arguments of the parties and sentenced petitioner to 48 months as a reasonable sentence pursuant to *United States v. Booker*. Petitioner's counsel did not argue for a further reduction in petitioner's sentence for aberrant behavior or post-conviction rehabilitative efforts.

The standards governing an assertion of ineffective assistance of counsel are set forth in *Strickland v. Washington*, 466 U.S. 668 (1984).  As explained in *United States v. Quintero-*

*Barraza*, 78 F.2d 1344, 1348 (9th Cir. 1995), *cert. denied*, 519 U.S. 848 (1996):

> According to *Strickland*, there are two components to an effectiveness inquiry, and the petitioner bears the burden of establishing both ... First, the representation must fall 'below an objective standard of reasonableness.' ... Courts scrutinizing the reasonableness of an attorney's conduct must examine counsel's 'overall performance,' both before and at trial, and must be highly deferential to the attorney's judgments ... In fact, there exists a 'strong presumption that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."' ... In short, defendant must surmount the presumption that, 'under the circumstances, the challenged action "might be considered sound trial strategy."' ... Thus, the proper inquiry is 'whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance.' ....
>
> If the petitioner satisfies the first prong, he must then establish that there is 'a reasonable probability that, but for counsel's unprofessional errors, the result would have been different ....

To prevail on a claim of ineffective assistance of counsel based on the contention that a guilty plea was not knowing and voluntary, the petitioner must show that (1) counsel's representation fell below the range of competence demanded of attorneys in criminal cases, and (2) there is a reasonable probability that, but for counsel's errors, the petitioner would not have pleaded guilty and would have insisted on going to trial.  *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985).

   Petitioner has not established that his guilty plea was not

knowingly and voluntarily entered due to the effective assistance of counsel under the *Lockhart* standard.  Although petitioner asserts that he believed he would not get a long sentence if he pleaded guilty, he makes no representation or showing that he would have gone to trial if he had known that his sentence would be approximately 4½ years.  Therefore, petitioner has not established the prejudice prong of the *Lockhart* ineffective assistance of counsel test.

Prior to *United States v. Booker*, petitioner could not have based a claim of ineffective assistance of counsel on the failure to argue for a downward departure based on aberrant behavior under §5K1.20 because petitioner pleaded guilty to a "serious drug trafficking offense" which precluded such a downward departure.  *See* U.S.S.G. §5K1.20(c)(3) and Application Note 1. The court concludes that petitioner cannot establish ineffective assistance of counsel on this ground even though petitioner's sentence was imposed post-*Booker*.  Although the Sentencing Guidelines are now advisory, "the district courts, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing."  *Booker*, 543 U.S. at 264.

Petitioner makes no showing in his motion of any facts that would entitle him to a further reduction in his sentence because of aberrant behavior.  Petitioner's sentence was very substantially reduced because of his minor role in the offense and the parties' agreement.  Given the seriousness of

petitioner's crime and the fact that the Sentencing Guidelines prohibited an aberrant behavior reduction because of the crime to which petitioner pleaded guilty, the court concludes that petitioner has not established the prejudice prong of the *Strickland* test, i.e., that petitioner's sentence would have been further reduced by this court had counsel argued for such a reduction.[1]

For the reasons stated:

1. Petitioner Pedro Chavez Fuentes' motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 is DENIED.

2. The Clerk of the Court is directed to enter JUDGMENT FOR RESPONDENT.

IT IS SO ORDERED.

Dated:   **August 1, 2008**                    /s/ Oliver W. Wanger
                                       UNITED STATES DISTRICT JUDGE

---

[1] Petitioner also contends that he is entitled to a post-conviction downward departure pursuant to U.S.S.G. § 5K2.19. However, because his Section 2255 motion is denied, petitioner's reference to § 5K2.19 is irrelevant.